IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KEVIN FUNK,<br><br>　　　　Petitioner,<br>　vs.<br><br>TIM FOX, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>　　　　Respondent. | Cause No. CV 17-43-M-DLC-JCL<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter is before the Court on Kevin Funk's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Funk is a state prisoner proceeding pro se.

Rule 4 of the Rules Governing Section 2254 cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Based upon a review of Funk's Petition (Doc. 1), as well as the Montana Supreme Court's decisions referenced herein, it appears that Mr. Funk's petition should be dismissed for failure to state a cognizable federal habeas claim.

**A. Factual and Procedural Background**

In 2011, while represented by counsel, Funk filed an appeal arguing the trial court erred when it distributed a portion of real property Funk had inherited from his father to his spouse in their marital dissolution proceedings. *In re Marriage of*

1

*Funk* (*Funk I*), 2012 MT 14, ¶¶ 2-3, 363 Mont. 352, 270 P. 3d 39.  The Montana Supreme Court remanded the matter for the trial court's consideration of certain statutory factors relative to the distribution of the disputed property.  *Id*. at ¶24.

The trial court entered new findings pursuant to the remand order; Funk acting pro se appealed that decision.  *In re Marriage of Funk*, No. DA 13-0023, 2013 MT 108N (Mont. 2013) (*Funk II*).  Affirming the trial court, the Montana Supreme Court determined the trial court had complied with the remand instructions and that Funk failed to demonstrate error or an abuse of discretion.  *Funk II*, ☐6.

On May 31, 2016, Funk was charged with one count of felony criminal mischief and two counts of criminal trespass.  See, *Funk v. Shearer*, OP 17-0105, Or. at 1 (Mont. Feb. 28, 2017).  The trespass involved a portion of the real property at issue in the referenced dissolution proceedings.  Funk was found guilty on all three counts following a jury trial in December of 2016.  On February 22, 2017, Funk was sentenced to a five year commitment to the Montana Department of Corrections.  (Doc. 1 at 1).  Funk filed a petition for a writ of habeas corpus with the Montana Supreme Court in which he attempted again to challenge his divorce decree.  Funk "argued the 2.5 acre lakefront property was acquired in trust and claim[ed] that his federal land patent should not have been included in his divorce."  *Funk v. Shearer*, OP 17-0105, Or. at 1.  Funk asserted his right to due

process was violated when he was not provided notice of the property's sale. *Id*.

In its Order denying his petition, the Montana Supreme Court held that Funk was attempting to litigate an issue that had been previously decided, specifically the Court's determination that the inherited property was appropriately divided as part of the parties' marital estate. *Id*. at 2. The Court noted that the trust to which Funk referred terminated upon his father's death in 1996. *Id*., citing Mont. Code Ann. §72-33-411 (1995). Thus, the trust no longer existed and Funk had no remaining interest in the property following its sale.

The Court also determined Funk had not established legal cause to proceed on a writ of habeas corpus. His detention stemmed from criminal offenses committed in 2016 on the disputed lakefront property, not from the manner in which the property was distributed. Aside from being barred by law of the case doctrine, Funk's petition failed to establish a due process violation in the underlying criminal proceedings or a deprivation of statutory or constitutional rights. *Id*. at 2-3. Funk's petition was denied.

### B. Funk's Claims

Much like he did in his state habeas petition, Funk attempts to re-litigate the issues surrounding the existence and subsequent termination of the property established by "The Charles Funk Irrevocable Trust." (Doc. 1 at 2). Although difficult to follow, it appears Funk alleges an array of errors including that no

3

signature was obtained from the patent holder and an omission was made in the caption of the state court dissolution proceedings. *Id*. at 2-3, 5. The thrust of Funk's argument seems to be that he was defrauded by the improper and forced transfer and sale of the disputed lake front property. Funk also invokes federal law claiming that the federal land patent was "defrauded" and the United States Attorney General or the United States Marshalls must be required to correct the forced transfer. *Id*. at 7. Because Funk did not consent to the sale of the property pursuant to the divorce decree and did not sign the divorce decree, he contends the sale of the property was not valid and that the subsequent distribution was illegal. *Id*. at 10. Although not entirely clear, Funk also seems to believe there was collusion between attorneys and the trial judge regarding the distribution of this property. See, *Id*. at 8.

### C. Analysis

Federal habeas courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody…" *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Additionally, federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); see also, *Peltier v. Wright,* 15 F. 3d 860, 861061 (generally

4

federal habeas corpus relief is unavailable for alleged errors in interpretation and application of state law). Thus, unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable via a petition for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Although Funk cites the Fourth, Sixth, and Fourteenth Amendments, as well as various federal statutes, what Funk is actually trying to do is have this Court review the prior rulings by the Montana courts and their application of Montana law, awarding a portion of Funk's inherited property to his ex-spouse. It appears Funk would like this Court to determine that the findings of the state courts were in error and somehow undo the sale of his property and return Funk to the position he held prior to the dissolution of his marriage. In any event, the claim involves only a question of state law. This question has been decided and affirmed on all levels of the Montana state court system. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. *Estelle*, 502 U.S. at 67-68.

Even if this Court were to determine there was some error in the application of state law in Funk's dissolution proceedings, the error would not serve as the predicate for a viable habeas claim. Federal courts are bound by state court rulings on questions of state law unless it is determined that the interpretation is clearly

untenable and amounts to a subterfuge to avoid federal law review of a deprivation by the state of rights guaranteed by the Constitution. See, *Mullaney v. Wilbur*, 421 U.S. 684, 691 n. 11 (1975); *Murtishaw v. Woodford*, 225 F. 3d 926, 964 (9th Cir. 2001). Funk has made no such showing here and the Court cannot discern an attempt by the Montana Supreme Court to evade considering a federal issue.

Moreover, the manner of distribution of the property from Funk's marital estate is not the basis for his current incarceration. The basis for his incarceration is the criminal charges Funk was convicted of following his jury trial in December 2016.[1] Thus, Funk's issue with the land trust and any perceived injustice he may have experienced in the distribution of the property does not constitute a challenge to the legality of his current custody. See, *Preiser*, 411 U.S. at 484. In either analysis, Funk cannot state a claim for which habeas relief could be granted.

### D. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes

---

[1] Funk states that there is currently a direct appeal pending from his criminal case. (Doc. 1 at 10-11). A review of the Montana Supreme Court's docket does not indicate that an appeal has been filed yet, but Funk still has time remaining in which to file his notice. See, Mont. R. App. Pro. 4(5)(b)(i). Although it does not appear Funk attempts to raise a constitutional challenge to his criminal conviction or sentence, it matters not. The claim is plainly unexhausted. At this juncture, if Funk were to raise such a claim before this Court, dismissal without prejudice would be the appropriate remedy. See, *Rose v. Lundy*, 455 U.S. 509 (1982).

6

a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt that Funk's claim is not cognizable and there is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court makes the following:

## RECOMMENDATION

1. Mr. Funk's Petition (Doc. 1) should be DISMISSED for failure to state a claim.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Funk may object to this Findings and Recommendation within 14 days.[2]

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is

28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Funk must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 11th day of April, 2017.

>*/s/ Jeremiah C. Lynch*
>Jeremiah C. Lynch
>United States Magistrate Judge

---

"served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.