

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KEVIN FUNK, | CV 17–43–M–DLC–JCL |
| Petitioner, | |
| vs. | ORDER |
| TIM FOX, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondent. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on April 11, 2017, recommending dismissal of Petitioner Kevin Funk's ("Funk") application for writ of habeas corpus under 28 U.S.C. § 2254. Funk, appearing pro se, timely filed an objection and is therefore entitled to de novo review of those findings and recommendations to which he specifically objected. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Because the parties are

familiar with the factual background of this case, it will not be repeated here.

Upon review of Funk's objections and supplemental filings, the Court finds that he fails to articulate any legal fault with Judge Lynch's conclusion that his petition should be dismissed for failure to state a cognizable federal habeas claim. Similar to the claims raised in his petition, Funk's objections and supplemental filings center on the contention that the disputed property was acquired in a trust and could not be sold without his permission. Read liberally, Funk argues that his underlying convictions for criminal mischief and trespass were not justified because he owned the property in question. However, the Court fails to see how this could establish a due process violation in the underlying criminal proceeding or show that he was deprived of a statutory or constitutional right. Indeed, as discussed by Judge Lynch, Funk's petition essentially attempts to relitigate the circumstances surrounding the distribution of the disputed lake front property. These contentions simply fail to raise a cognizable challenge to his current incarceration.

Accordingly, the Court reviews the remainder of Judge Lynch's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 3) are ADOPTED

IN FULL;

(2) Funk's Petition (Doc. 1) is DISMISSED for failure to state a claim;

(3) The Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner; and

(4) A certificate of appealability is DENIED.

Dated this 31st day of May, 2017.

Dana L. Christensen, Chief Judge
United States District Court